PER CURIAM.
This proceeding is before the Court upon the stipulation between the Florida Judicial Qualifications Commission and the Honorable Murray Meyerson of the County Court, Dade County, Florida.* The parties stipu *582 late that Judge Meyerson does not contest the findings and recommendation of the commission as set forth below:
1. You, while previously engaged in the private practice of law and while closing the business of your private practice, did collect various sums of money due and owing for the payment of medical services rendered to your clients, which funds were received and held by you as trustee for the benefit of the providers of such services, and you, prior to and upon becoming a member of the judiciary as Dade County Court Judge commencing in January, 1985, did fail to pay timely the trust funds to the service providers as required, and did fail to make adequate provision for others to pay timely the trust funds as required.
2. You, while engaged in the private practice of law and while closing the business of your private practice, did charge excessive fees to clients in that various clients were charged fees in excess of the fees you agreed to charge pursuant to the terms of written contingency fee contracts between you and your clients.
3. You, while a Judge of the County Court, Dade County, subsequent to January, 1985, did fail to comply with applicable financial disclosure laws, specifically, Article II, Section 8 of the Constitution of the State of Florida, in that you did omit from disclosure income derived by you from your continuing interest in the private practice of law conducted by you prior to January, 1985.
4. You, both before and while a Judge of the County Court, Dade County, did fail to comply with applicable provisions of the Code of Professional Responsibility, specifically Disciplinary Rule 2-107(A), in that you did fail to inform clients of and obtain the consent of clients to the division of legal fees between you and Wayne Olivie, Esquire.
5. As a consequence of the foregoing actions you have:
A. Conducted yourself in a manner inconsistent with the high standards of conduct necessary to the preservation of the integrity of the judiciary contrary to the provisions of Canon 1 of the Florida Code of Judicial Conduct.
B. Conducted yourself in a manner which has lessened public confidence in the integrity of the judiciary, contrary to Canon 2A of the Florida Code of Judicial Conduct.
C. Failed to perform the duties of your office as County Judge diligently contrary to Canon 3 of the Florida Code of Judicial Conduct.
D. Failed to regulate your extrajudicial activities to minimize the risk of conflict with your judicial activities contrary to Canon 5 of the Florida Code of Judicial Conduct.
E. Conducted your fiscal matters as a judge in a manner giving the appearance of impropriety and failed to publicly and accurately disclose relevant financial information as required by Article II, Section 8 of the Constitution of Florida, contrary to Canon 6 of the Florida Code of Judicial Conduct.
F. Violated the Code of Professional Responsibility Disciplinary Rules, Sections 1 — 102(A)(l)(3)(4)(5) and (6); 2-106(A); 2-107(A); 6-101(A); and 9 — 102(B).
Based upon- the foregoing findings, the commission recommends, and Judge Meyer-son does not contest, that he be publicly reprimanded for his conduct and that he be required to reimburse the commission for the costs and expenses incurred in connection with the prosecution of this matter. Accordingly, we hereby reprimand Judge Murray Meyerson for improper conduct by a judicial officer. Costs in the amount of $2,473.01 are hereby entered against Judge Meyerson, for which sum let execution issue.
It is so ordered.
*583 SHAW, C.J., and OVERTON, McDonald, BARKETT, GRIMES and HARDING, JJ., concur.
KOGAN, J., recused.

 We have jurisdiction. Art. V, § 12, Fla. Const.